## MECHANICS AND TRADERS' BANK *v.* NANCY N. JONES.

The provisions in the charters of the Bank of Louisiana and the Mechanics and Traders' Bank authorizing married women to bind themselves *in sol'do* with their husbands, extend only to hypothecary contracts or obligations entered into by married woman with those banks. If the contract be not of that character, the obligation of a married woman to those banks is governed by the law applicable to ordinary obligations, and a married woman cannot be surety for her husband.

APPEAL from the District Court of Concordia, *Mayo,* J. *James H. Veazie,* for plaintiff. *Stacey* and *Sparrow,* for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit is brought by the bank against the defendant on a promissory note for the sum of one thousand two hundred and seventy-five dollars, signed by *James C. Jones,* the defendant, and *Thomas D. Purnell.* The defendant was, at the time of the execution of this note, a married woman, and *James C. Jones,* was her husband. It was drawn in favor of the bank, and payable at the branch of said bank at Vidalia. The note was joint and several; and it appears conceded that the wife signed the note as security for her husband. There was judgment for the defendant, and the plaintiffs have appealed.

It is urged in argument, that the proceeds of the note inured to the benefit of the defendant, and for that reason she is bound in law to pay it, and that under the provisions of the charter of the bank, she is bound as a surety on the note.

In relation to the first ground, we think the evidence is not satisfactory, and cannot disturb the judgment on that account. The district judge considered the testimony insufficient; and in this opinion we concur with him.

The 25th section of the charter of the Mechanics and Traders' Bank, among other things, provides that the said corporation shall have the like privileges

MECHANICS
AND TRADERS'
BANK
v.
JONES. granted to it in making loans on mortgage, taking security and enforcing the payment thereof, as is now accorded by law to the Bank of Louisiana. By the thirty second section of the charter of that bank, the wife of the age of majority is allowed to bind herself jointly and *in solido* with her husband in all hypothecary contracts or obligations. *The Bank of Louisiana* v. *Farrar*, 1st Ann. 49. *The Mechanics and Traders' Bank* v. *Rowley*, 2d Ann. 372.

It is said in argument, that the opinion of the court in *Farrar's* case extends the power of the wife to bind herself for her husband beyond the literal terms of the statute ; that is, in other cases than those of hypothecary contracts or obligations. But we do not understand such to be the import of the opinion. In both the cases, that of *Farrar* and *Rowley*, the obligations under consideration were secured by mortgage, and the present question could not arise.

The charter of the Bank of Louisiana, authorizing the wife to bind herself *in solido* with her husband in hypothecary contracts or obligations, gives no validity to a contract of the wife *in solido* with the husband, which is not of that character. If the contract to which she is a party has not this character, her obligations rest exclusively on the footing of the ordinary obligations of married women in such cases.

The judgment of the district court is therefore affirmed, with costs.